UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**JAMES B. ROLLINS**  **PLAINTIFF**

**v.**  **CIVIL ACTION NO. 5:25-CV-P78-JHM**

**DYLAN BOND** *et al.*  **DEFENDANTS**

<u>**MEMORANDUM OPINION AND ORDER**</u>

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss this action without prejudice and with leave to file an amended complaint.

**I.**

Plaintiff James B. Rollins is incarcerated as a convicted prisoner at Kentucky State Penitentiary (KSP). He filed a handwritten complaint (DN 1), a complaint on a Court-supplied form (DN 1-1), and an amended complaint (DN 10). Because the handwritten complaint mostly contains a history of Plaintiff's incarceration in the Kentucky prison system, the Court herein relies on the allegations set forth in the complaint on the Court-supplied form and the amended complaint. In the complaint on the Court-supplied form, Plaintiff indicates that he is suing three KSP officials in their individual capacities – Dylan Bond, Tiffany Spurlock, and Casandra Johnson. In the amended complaint, Plaintiff states that he seeks to dismiss Defendant Spurlock from this action and to add two other KSP officials as Defendants – Sgt. Frutis and "Rec Leader" McDowell. Accordingly, **IT IS ORDERED** that Defendant Spurlock is **DISMISSED** from this action pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). The **Clerk of Court** is **DIRECTED to terminate Defendant Spurlock as a party to this action and to add Sgt. Frutis and "Rec Leader" McDowell as parties**.

Plaintiff alleges that when he was transferred from Eastern Kentucky Correctional Complex (EKCC) to KSP he had a folder with him which contained medical documents related to one of the several actions he had filed in federal court. Plaintiff states that this folder was searched before he left EKCC and three times after he arrived at KSP. Plaintiff states that all of these searches showed that there was no contraband in the folder. In the complaint on a Court-supplied form, Plaintiff alleges that Defendant Spurlock planted contraband in the folder after these searches. Plaintiff states that this "is a criminal act attempting to keep Plaintiff in prison to facilitate a murder due [to] Plaintiff's MRS date September 11, 2025."[1]

In the amended complaint, Plaintiff states that his new theory is that it wasn't Defendant Spurlock who planted contraband in his folder but that "Defendant Bond had given Defendant Johnson contraband to plant and Defendant Johnson gave the folder to Defendant Spurlock with a real assumption that Defendant Spurlock wouldn't search the folder and give it to Plaintiff for it to be found in the possession of Plaintiff." Plaintiff states that planting the contraband was an act of retaliation by Defendants Bond and Johnson "to stop Plaintiff's MRS . . . ." Plaintiff alleges that Defendants Frutis and McDowell were the KSP officers who found contraband in Plaintiff's folder.

Plaintiff next alleges that after he communicated a "threat" to Defendant Bond regarding Defendant Bond's search of the folder, Plaintiff's cell was "stripped out by . . . [Defendant] Frutis." He also states that as he was being escorted back to cell after it was stripped out, Plaintiff "was tased without any threats to security Rec. Leader McDowell."

---

[1] The Court construes MRS to be "mandatory reentry supervision." Kentucky law provides that an inmate shall receive mandatory reentry supervision six (6) months prior to the projected completion date of an inmate's sentence for an inmate who has not been granted parole." Ky. Rev. St. § 439.3406(1).

Finally, Plaintiff also asserts that Defendant Bond violated KSP "protocol." He states that this protocol requires all property to be inventoried upon arrival at an institution before property is issued to an inmate in segregation . . . ." He continues, "Defendant Johnson is the property room Sgt. who consulted with Defendant Bond, who advised Defendant Johnson not to give Plaintiff the folder in intake after Defendant Bond searched it. . . ."

As relief, Plaintiff seeks damages and the termination of Defendants' employment with KSP.

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare

3

assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

This Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with *pro se* complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And a court is not required to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require a court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. Planting Contraband

As stated above, in the complaint on a Court-supplied form, Plaintiff alleged that Defendant Spurlock planted contraband in his folder. However, in the amended complaint, Plaintiff states that he now believes it was actually Defendants Bond and Johnson who planted contraband in his folder. Plaintiff alleges that planting contraband in his folder was an action of retaliation by Defendants Bond and Johnson.

#### 1. Retaliation

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). To state a First Amendment retaliation claim, a plaintiff must establish three elements: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id*.

Here, Plaintiff alleges that Defendants Bond and Johnson placed contraband in his folder to "to keep Plaintiff in prison . . . due [to] Plaintiff's MRS date September 11, 2025." Although unclear, it appears that Plaintiff is alleging that Defendants planted contraband to keep Plaintiff in prison longer. The Court can discern no retaliation claim based upon this allegation. The allegation does not suggest in any way that Defendants Bond and Johnson planted contraband because Plaintiff was engaged in protected conduct.

Thus, the Court will dismiss Plaintiff's retaliation claims against Defendants Bond and Johnson for failure to state a claim upon which relief may be granted.

## 2. Procedural Due Process

Plaintiff's claim regarding the planted contraband could also be construed as a procedural due process claim, akin to a claim based upon a falsified misconduct report. "[T]he Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). The Supreme Court has held that a prisoner does not have a protected liberty interest in disciplinary proceedings unless the sanction "will inevitably affect the duration of his sentence" or the resulting restraint imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 486-87 (1995).

Here, none of the complaints contain any information about whether Plaintiff was found guilty of possessing the allegedly planted contraband and/or what the sanctions for that conviction were. Thus, because Plaintiff has not shown that a liberty interest was implicated by Defendants' actions, any procedural due process claim fails.

## 3. Substantive Due Process

Finally, the Court observes that the Sixth Circuit has held that framing an inmate by planting evidence may violate substantive due process where a defendant's conduct shocks the conscience and constitutes an "egregious abuse of governmental power." *Cale v. Johnson*, 861 F.2d 943, 950 (6th Cir. 1988), *overruled on other grounds by Thaddeus-X v. Blatter*, 175 F.3d 378 (6th Cir. 1999).

In a recent case applying *Cale*, a district court allowed a substantive due process claim to proceed where the plaintiff explicitly alleged that "Defendants lied about where the alleged contraband was located, lied about the results of the field test, and failed to have the alleged

6

contraband tested in order to frame Plaintiff." *Roche v. Morrison*, No. 1:25-cv-312, 2025 U.S. Dist. LEXIS 89604, at *19 (W.D. Mich. May 12, 2025). In that case, based upon the allegedly planted contraband, the defendants issued the plaintiff a major misconduct ticket for substance abuse which he was found guilty of and which resulted in 15 days of sanctions and the plaintiff losing his prison job.

Similarly, in *Davis v. Gallagher*, a district court also allowed a substantive due process claim to proceed based upon the plaintiff's allegations that the defendant prison official had planted evidence and framed the plaintiff for drug possession. No. 1:16-cv-1405, 2016 U.S. Dist. LEXIS 177026, at *9-10 (W.D. Mich. Dec. 22, 2016). In that case, after the defendant claimed to have found drugs in the plaintiff's pocket, he wrote a misconduct ticket and took the plaintiff to segregation. *Id*. at *2-3. However, when the plaintiff was subsequently tested for drugs in his system, the tests were negative, and when the plaintiff reported for a hearing on the misconduct charge, he was advised that the hearing was adjourned. *Id*. at *3. The plaintiff was also told that he would be held in segregation until he told officials who was supplying him with drugs. *Id*. The prison then turned the matter over to a state prosecutor for criminal charges, who charged the plaintiff. *Id*. The plaintiff was eventually not guilty of the heroin charges. *Id*. The plaintiff alleged that the defendant prison official had planted heroin on him in retaliation for Plaintiff threatening to file a grievance against him for racial slurs. *Id*.

When compared to these cases, the Court finds that Plaintiff's allegations lack "sufficient factual matter" to state a plausible substantive due process claim. *See Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Here, Plaintiff does not allege what contraband Defendants Bond and Johnson allegedly planted on him or what the alleged consequences of that act were,

including whether Plaintiff was punished in any way. Thus, the Court finds that Plaintiff has also failed to state a substantive due process claim.

### B. "Stripped Out" Cell

The Court next addresses Plaintiff's claim that his cell was "stripped out" by Defendant Frutis because Plaintiff had threatened Defendant Bond. Plaintiff does not explain what the term "stripped out" means. However, upon review of other cases brought by KSP prisoners, it appears that this term could mean that Plaintiff's personal items were taken from the cell and/or or that everything was taken from Plaintiff's cell, including his mattress. However, because Plaintiff does provide this information, this is only speculation by the Court.

Nonetheless, the Court construes this as an Eighth Amendment conditions-of-confinement claim. "Extreme deprivations are required to make out a conditions-of-confinement claim" under the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987). An Eighth Amendment claim includes both an objective and a subjective component. *See Wilson v. Seiter*, 501 U.S. 294, 298 (1991). The objective component requires the plaintiff to demonstrate "that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The subjective component requires the plaintiff to demonstrate that a prison official "knows of and disregards an excessive risk to inmate health or safety." *Id*. at 837.

Upon review, the Court finds that Plaintiff's vague allegation that his cell was "stripped out" also "lacks sufficient factual matter" to state a plausible Eighth Amendment claim under the above standard. *See Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

### C. Excessive Force

In the amended complaint, Plaintiff cursorily states that he "was tased without any threats to security Rec. Leader McDowell." The Eighth Amendment prohibits the use of excessive force against inmates held in a correctional facility. *Hudson v. McMillian*, 503 U.S. 1 (1992). An inmate who brings an excessive use of force claim must show that the officer "acted with a sufficiently culpable state of mind, and the alleged wrongdoing must be objectively harmful enough to establish a constitutional violation, [and] that the defendant acted 'maliciously and sadistically for the very purpose of causing harm,' rather than 'in a good faith effort to maintain or restore discipline.'" *Richmond v. Settles*, 450 F. App'x 448, 453 (6th Cir. 2011) (quoting *Hudson*, 503 U.S. at 6).

Upon consideration, the Court finds that Plaintiff's imprecise allegation is simply too vague and conclusory to satisfy the above standard. The allegation is simply a "a formulaic recitation of the elements of a cause of action" and a "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557). Thus, it must also be dismissed for failure to state a claim upon which relief may be granted.

### D. Violation of KSP Policy

Finally, the Court turns to Plaintiff's allegation that Defendant Bond violated KSP "protocol" pertaining to when prisoners should receive property that has been transferred from another prison. The failure of prison officials to follow institutional policies or procedures does not give rise to a constitutional claim. *Sandin*, 515 U.S. at 481-82; *Smith v. City of Salem, Ohio*, 378 F.3d 566, 578 (6th Cir. 2004) ("[S]tate law, by itself, cannot be the basis for a federal constitutional violation."); *Rimmer-Bey v. Brown*, 62 F.3d 789, 791 (6th Cir. 1995) (rejecting inmate's argument that prison failed to follow Michigan prison regulations in putting him in

segregation). Thus, the Court will also dismiss this claim for failure to state a claim upon which relief may be granted.

### E. Second Amended Complaint

Although the Court is dismissing this action for the above-stated reasons, the dismissal will be without prejudice and with leave to Plaintiff to file a second amended complaint as to his planted-contraband and excessive-force claims. *See Rashada v. Fiegel*, No. 23-1674, 2024 U.S. App. LEXIS 7883, at *12 (6th Cir. Apr. 1, 2024) (approving dismissal of *pro se* complaint without prejudice and with leave to amend). If Plaintiff decides to file a second amended complaint regarding the contraband, he should identify the contraband that was allegedly planted in his folder and state what, if any, disciplinary action was taken as a result of finding that contraband in his possession. If Plaintiff decides to file a second amended complaint regarding his excessive-force claim, he should provide more details about the incident.

### IV.

For the foregoing reasons, the Court will enter a separate Order dismissing this action without prejudice and with leave to amend the complaint.

**IT IS ORDERED** that any amended complaint must be filed no later than **October 24, 2025**.

The **Clerk of Court is DIRECTED** to place this case number and the word "Second Amended" on a § 1983 complaint form and send it to Plaintiff for his use should he choose to file a second amended complaint.

Date: September 24, 2025

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.011

10